CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 16 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| COREY SMITH, | ) | CASE NO. 7:14CV00002 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| OFFICER S. TAYLOR, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

This prisoner civil rights action under 42 U.S.C. § 1983 was referred to a United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). The report and recommendation that was filed on February 25, 2015, recommended that the motion for summary judgment be granted in part and denied in part. The parties were advised of their right to file written objections to the report and recommendation. The time for so doing has lapsed, and neither party has filed objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). The court is satisfied that there is no clear error on the face of the record. Accordingly, it is hereby

ADJUDGED AND ORDERED

As follows:

1. The report and recommendation (ECF No. 23) is hereby **ADOPTED IN ITS ENTIRETY**;

2. Defendants' motion for summary judgment (ECF No. 14) is **GRANTED IN PART AND DENIED IN PART**; in accordance with report and

recommendation, the motion for summary judgment is **DENIED** as to Smith's § 1983 claim (1) alleging that Taylor used excessive force against him, and Lawson failed to intervene; and as to Smith's state law claim (2), alleging assault and battery by Taylor, and his state law claim (3), alleging negligence by Taylor, Lawson, and Miller, regarding Smith's alleged need for medical treatment of his injured hand; and the court will exercise supplemental jurisdiction over these state law claims pursuant to 28 U.S.C. § 1367(a); but the motion for summary judgment is hereby **GRANTED** as to Smith's § 1983 claim (4), alleging that Miller and Lawson deprived him of recreation in retaliation for actions separate from claim (1); and

3. The court declines to exercise supplemental jurisdiction over Smith's assault claim (5) against Miller for verbally threatening to beat Smith, and this state law claim is **DISMISSED** without prejudice.

ENTER: This 14th day of March, 2015.

　　　　　　　　　　　　　　　　　　／s／ Glen Conrad
　　　　　　　　　　　　　　　　　　Chief United States District Judge